**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**DOUGLAS HALBRUCKER,**

        **Plaintiff,**

**v.**                                 **Case No. 07-C-0011**

**WASTE MANAGEMENT OF WISCONSIN,**

        **Defendant.**

---

## DECISION AND ORDER

---

Plaintiff Douglas Halbrucker ("Halbrucker") brings this action alleging that Defendant Waste Management of Wisconsin ("Waste Management"), his former employer, violated the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*, by interfering with Halbrucker's rights under the FMLA and by terminating his employment in retaliation for his attempt to exercise his rights under the FMLA. Halbrucker also alleges that, after his employment was reinstated by an arbitration order, Waste Management retaliated against him again for filing a complaint in federal court and terminated his employment a second time.

Contemporaneously, with its answer and affirmative defenses to complaint, Waste Management filed a motion pursuant to Fed. R. Civ. P. 12(f) to strike paragraphs 42, 43, and 44 of the Complaint. Waste Management asserts that the paragraphs detail the nature and terms of confidential settlement negotiations which occurred between the parties in 2006 which are inadmissable under Rule 408 of the Federal Rules of Evidence and should be

stricken. Waste Management cites *Braman v. Woodfield Gardens Associates*, 715 F.Supp. 226, 230 (N.D. Ill. 1989). Halbrucker filed no response to the motion.

Paragraph 42 of the Complaint states that in August 2006, the parties engaged in settlement negotiations through their attorneys regarding Halbrucker's prior federal action. Paragraph 43 states that Halbrucker sent a settlement demand on August 3, 2006, which included a term conditioning the settlement, upon Waste Management's termination of the employment of its district manager, Dennis Drephal ("Drephal") and its human resources manager, Fred Seitz ("Seitz"). Paragraph 44 states that by September 2006, it became clear that the parties would not reach a settlement at that time.

Rule 12(f) of the Federal Rules of Civil Procedure states:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

The Court has discretion in determining whether to strike material under Fed. R. Civ. P. 12(f). *See Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664-65 (7th Cir. 1992). A movant bears the burden of demonstrating that the challenged allegations are so unrelated to the plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial. *Id.* Generally, motions to strike are disfavored because they are considered drastic remedies.

*Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028, 1033 (N.D. Ill. 1998).

> Rule 408(a) of the Federal Rules of Evidence states:
>
>> Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>> (1) furnishing or offering or promising to furnish – or accepting or offering or promising to accept – a valuable consideration in compromising or attempting to compromise the claim; and
>> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

Rule 408(b) states that the rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a), and cites examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

*Braman*, 715 F.Supp. at 230, granted the defendants' motion to strike allegations involving settlement negotiations before the parties had reached a compromise relying on Rule 408's requirement that evidence of conduct or statements made in compromise negotiations is not admissible. *Eppenger-Pollard v. Lock Joint Tube, Inc.*, No. 05-CV-116RM, 2005 WL 2216900 (N.D. Ind. Sept. 9, 2005), denied a motion to strike allegations

which relied upon Rule 408, having considered *Braman* and two more recent decisions. The first decision, *Bishops Bay Founder Group Inc. v Bishops Bay Apartments, LLC*, 301 F.Supp 2d 901, 904 (W.D. Wis. 2003), denied a motion to strike based on Rule 408 because it was unclear whether the evidence in question would be used for an inadmissible purpose. The second decision, *Eskofot A/S v. E.I. Du pont De Nemours and Co.*, 872 F.Supp. 81, 94 (S.D.N.Y. 1995), denied a motion to strike portions of the plaintiff's complaint relating to the parties' efforts to settle the dispute, noting that such a decision would be premature before the completion of discovery because there was a possibility that the pleading could form the basis for admissible evidence. The prematurity of the motion to strike, as highlighted by *Eppenger-Pollard* and the cases it cites, is persuasive. It is too early in the proceedings to anticipate how Halbrucker intends to use the challenged allegations of settlement negotiations. At this juncture, the circumstances regarding the parties' prior unsuccessful settlement negotiations alleged in paragraphs 42, 43, and 44 may be used for a purpose which is permissible under Rule 408.

Moreover, Waste Management does not assert paragraphs 42, 43 or 44 contain any redundant, immaterial, impertinent, or scandalous matter. *See Eppenger-Pollard*, No. 05-CV-116RM, 2005 WL 2216900 at *2. Rule 408 is a rule of evidence, not a rule of pleading, and the allegations of Halbrucker's complaint are not evidence. *See id*. Therefore, Waste Management's motion to strike is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Waste Management's motion to strike (Docket No. 9) is **DENIED**.

Dated at Milwaukee, Wisconsin this 24th day of October, 2007.

                                  **BY THE COURT**

                                  s/ Rudolph T. Randa
                                  **Hon. Rudolph T. Randa**
                                  **Chief Judge**